UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 12-cr-20053

v.

ALLEN WADE PEGO, Sr.,

    *Defendant.*
_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.    Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

<u>XX</u>    (1)    The Government moved for detention at Defendant's first appearance pursuant to:

        <u>XX</u>    18 U.S.C. § 3142(f)(1).

        <u>  </u>    18 U.S.C. § 3142(f)(2).

<u>  </u>    (2)    A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.    Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

<u>  </u>    (1)    Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

<u>  </u>    (2)    The offense described in finding was committed while Defendant was on release

pending trial for a federal, state or local offense.

__ (3) A period of less than five years has elapsed since

    __ the date of conviction, **or**

    __ Defendant's release from prison for the offense described in finding (B)(1).

__ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C. Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

    __ for which a maximum prison term of ten years or more is prescribed in the _____[1], **or**

    __ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

    __ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

    __ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

    __ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

    __ the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D. Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__ (1) There is a serious risk that Defendant will not appear.

__ (2) There is a serious risk that Defendant will endanger the safety of another person or the community.

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

XX     by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

\_\_     by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

\_\_     both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

The Government has moved to detain and does not cite any of the presumptions in favor of detention. At the threshold, however, I note that 18 U.S.C. § 3142(e)(3)(E) creates a presumption in favor of detention where probable cause supports charges under a series of criminal statutes involving minors. Although the charges contained in counts one through six of the Indictment in this case are all brought pursuant to statutes included in the list, there is no indication in those counts that minors are involved. Counts seven through nine, on the other hand, allege crimes against minors, but none of the charges in those counts are brought pursuant to statutes listed in section 3142(e)(3)(E). I therefore conclude that none of the presumptions apply, and will therefore consider the matter under the standards set forth in 18 U.S.C. § 3142(g).

As to subsection (g)(1), I find that the offenses charged involve sexual abuse, including the sexual abuse of minors, along with witness tampering. As to subsection (g)(2), I find from the grand jury having passed an indictment that there is a definite weight of evidence, rising to at least the level of probable cause, supporting three counts of aggravated assault, two counts of

sexual abuse and three counts of sexual abuse of a minor; in all counts the alleged victim is one of Defendant's daughters. Probable cause also supports two additional counts of sexual abuse made with regard to another daughter, as well as eight counts of witness tampering.

As to the factors set forth in subsection (g)(3), I find that Defendant is 56 years of age and has been a lifelong resident of Isabella County. Defendant is a member of the Saginaw Chippewa Native American Tribe who receives a tribal per capita. Defendant also works as a stone sculptor and receives additional income from that endeavor. In 1995, Defendant briefly worked as a maintenance manager at the Soaring Eagle Casino in Mt. Pleasant, Michigan.

During his interview with Pretrial Services, Defendant conceded that he has used marijuana in the past. He also conceded that he is at times a binge drinker and will drink for two or three days at a time, often not remembering what happened during those periods. Defendant underwent substance abuse treatment approximately 11 years ago, the details of which are not known.

In 1978, at age 20, Defendant was convicted in Grand Rapids, Michigan, of malicious destruction of property. In 1983 and 1984, Defendant was convicted of possessing opening intoxicants. In 1984, he was convicted of permitting an unauthorized person to drive a vehicle. In 1993, Defendant was convicted of driving under the influence. It is possible Defendant was convicted of family violence in 1999, but this cannot be presently confirmed.

More recently, and of greater relevance to the instant motion, on Christmas Day, 2011, Defendant was charged with family violence in the Tribal Court. The incident involved an alleged assault upon Defendant's wife. He was released by the Tribal Court, with an order prohibiting contact with his wife. The Assistant United States Attorney ("AUSA") represents that this order was almost immediately violated, and, in addition, in early January of this year, Defendant was again charged with family violence involving an alleged assault upon one of his daughters. The earlier-issued bond was revoked, but the no contact order remained in place. The AUSA

represents that this order has been violated on over 100 occasions through recorded telephone calls between Defendant and his wife. The AUSA further represents that since Defendant's arraignment last Thursday on the instant Indictment, Defendant has violated the no contact order on at least eight additional occasions, most recently yesterday.

Counsel for Defendant represents that Defendant has a number of serious health problems which require a measure of specialized health care. Counsel for Defendant represents that because allegations in the Indictment describe incidents which may have taken place as many as 20 years ago, defending such allegations will be a difficult challenge. While both of these representations may be true, neither implicates any of the standards I am to consider regarding whether Defendant should be released under the Bail Reform Act.

In light of Defendant's pattern of assaultive conduct against members of his own family, and, more importantly, his near total failure to abide by the conditions of court-imposed supervision, I conclude that there are no conditions nor any combination of conditions which would reasonably assure the safety of the community, and in particular, the safety of Defendant's own family. For these reasons, the Government's motion to detain is **GRANTED.**

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

Dated: February 8, 2012

s/ Charles E Binder
CHARLES E. BINDER
United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and Rod O'Farrell, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: February 8, 2012          By     s/Jean L. Broucek
                                Case Manager to Magistrate Judge Binder