UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                                  Case Number 12-20053

v.

                                                  Honorable Thomas L. Ludington

ALLEN WADE PEGO, SR.,

    Defendant.

_____/

**ORDER DIRECTING SUPPLEMENTAL BRIEFING, RESCHEDULING HEARING,
AND AMENDING SCHEDULING ORDER**

During the process of plea negotiations in this case, the Government furnished defense counsel a proposed Rule 11 plea agreement for the disposition of the charges against Defendant Allen Wade Pego, Sr., on March 30, 2012. The proposed plea agreement contemplated Defendant pleading guilty to count one of the indictment, which charges him with committing an aggravated sexual abuse on a child. The sentencing guidelines for the proposed Rule 11 were 168-210 months.

Prior to furnishing the Rule 11 plea agreement, the Government outlined the key provisions of the plea agreement offer in an email sent to Defendant's attorney on March 15, 2012. That email also invited defendant, in addition, to participate in a proffer regarding an unrelated investigation that the Government believed defendant had knowledge of. The Government offered to recommend as much as a fifty-percent deduction from the lower end of the sentencing guideline range outlined in the proposed Rule 11, with the amount of reductions dependant on the value of Defendant's cooperation.

On April 12, 2012, Defendant executed a *Kastigar* letter establishing the terms and conditions for Defendant to provide evidence to the Government *See Kastigar v. United States*, 406

U.S. 441 (1972). In part, that agreement states that Defendant "agrees to make a complete and truthful statement of his or her knowledge of (and role in) the matters under investigation, and to fully and truthfully answer all questions. This means, for example, your client may not omit facts about crimes, other participants, or his or her involvement in the offenses, and must volunteer all information that is reasonably related to the subjects discussed in the debriefing." The letter further states that "[t]his proffer discussion is not a 'plea discussion' within the meaning of Fed. R. Crim. P. 11 (f) or Fed. R. Evid. 410. Any use of the statements and information provided at this proffer discussion will be governed by the terms of this letter, and not Fed. R. Crim. P. 11(f) or Fed. R. Evid. 410." The letter also stated that "[y]our client shall, at the option of the government, be given a polygraph examination to verify the truthfulness and completeness of any statement given as part of this agreement. The government shall have the exclusive right to choose the polygraph examiner. If the results of the polygraph examination or conversations with the polygraph examiner indicate that your client has not been truthful, there are no restrictions on the government's use of any information provided or statements made in the proffer discussion."

On April 13, 2012, the Government met with defendant and his attorney for the proffer. At that time, defendant was told that he would have to take a polygraph to verify that he was telling the whole truth. He was also told that if he didn't tell the whole truth, he would lose the protection of the *Kastigar* letter and would not get any benefit for the proffer or his cooperation. Defendant indicated that he understood and proceeded to provide certain information. Defendant was interviewed by the Government concerning the information and the Government, in reliance upon the information supplied by Defendant, secured and executed search warrants and seized evidence based upon the information provided by Defendant. While Defendant subsequently, in the opinion

of a Government polygraph operator, failed a polygraph in regard to the totality of his knowledge of the matter under investigation, Defendant contends that he nevertheless provided truthful information which has substantially assisted the Government. He believes he fulfilled his obligation based upon the terms and conditions of the offer extended by the Government. Defendant now moves for enforcement of the agreement offered by the Government.

The Government notes that it was clearly stated to defendant prior to the proffer that even if he was completely honest with the Government, he still was not entitled to anything for his cooperation unless the Government determined that he substantially assisted the Government. Further, even if he did substantially assist the Government, it was clear that the Government would determine how much of a reduction defendant was entitled to. Specifically, defendant was told prior to the proffer that, "It's the government's discretion to determine whether the defendant has provided substantial assistance and if you have, then we assess the value of that and give you on either the case that you are facing now or your involvement with the . . . matter [outlined in the *Kastigar* letter] or both." Further, defendant was advised that if he admitted to certain criminal acts, the Government could not use his statements against him if he was prosecuted for these acts. The Government told Defendant he would be "basically giving [the government] a preview of what it is that [he knows]" and then the parties could discuss what the value of the information was to the Government, and he could then receive a benefit if Defendant were willing to testify or continue cooperating. The Government also advised: "You have to tell us everything you know, you have to tell us the truth. But if it doesn't substantially assist us, if somebody tries real hard but it doesn't help us, then they may not get anything either. So you've got to know that. I just want it to be all up front."

The Government emphasizes that the offer of up to a 50% sentence reduction in the earlier email was a "best case scenario." The Government contends it identified several very specific proffers in the March 15 email that it believed that defendant could provide when it referenced recommending up to 50% reduction. Defendant did none of the things specifically mentioned by the Government. Additionally, the Government notes that the minimal information that Defendant did provide has not assisted the Government, let alone substantially assisted the Government, in any way. Therefore, Defendant is not entitled to the benefits outlined in the March 15 email and Defendant is not entitled to judicial review of the Government's refusal to file a request for a downward departure unless the defense is alleging that the refusal is based on an unconstitutional motive. *Wade v. United States*, 504 U.S. 181, 185-186 (1992). Here, no such allegation is made in Defendant's motion.

Defendant did not sign the proposed Rule 11 plea agreement and by its own terms expired prior to the motion being filed. The proposed Rule 11 said "[t]his plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on May 4, 2012."

"Plea agreements are contractual in nature. In interpreting and enforcing them, we are to use traditional principles of contract law." *United States v. Robison*, 924 F.2d 612, 613 (6th Cir. 1991). However, they are more than that. Considerations justifying the practice of plea bargaining "presuppose fairness in securing agreement between an accused and a prosecutor"-a presupposition derived from the constitutional guarantee of due process. *Santobello v. New York*, 404 U.S. 257, 261 (1971).

Here, Defendant did not sign the Rule 11 plea agreement offered by the Government; the

parties instead executed a proffer agreement pursuant to *Kastigar v. United States*, 406 U.S. 441 (1972) which is what Defendant apparently seeks to enforce regarding the proposed sentence reduction recommendation. Although such letter agreements appear to be referred to somewhat loosely as "*Kastigar* letters" or *Kastigar* agreements," they are properly viewed as offers of conditional, or limited, immunity—not the robust statutory immunity for which an actual *Kastigar* hearing is required—and the parties "can only seek contractual remedies" for enforcement. *United States v. Mendizabal*, 214 F. App'x 496, 502 (6th Cir. 2006).

Upon reviewing the parties' papers, the Court concludes that additional briefing is necessary in order to adequately address Defendant's motion to enforce the plea agreement. Notably, neither party has provided the Court with the letter agreement at issue, the email exchange between the parties outlining the proposed terms of Defendant's proffer and possible benefits resulting from the proffer, or the proposed Rule 11 plea agreement.

Accordingly, it is **ORDERED** that Defendant is **DIRECTED** to file supplemental briefing on or before **July 27, 2012**, to address whether Defendant is alleging he accepted-in-fact the Government's proposed Rule 11 plea agreement in order to avail himself to the Government's offer of up to a fifty percent sentence reduction off the lower end of the sentencing guideline range provided in the Rule 11 plea agreement. Additional explanation as to why Defendant is entitled to enforcement of the Government's offer of up to a fifty percent reduction based on the limited assistance he is alleged to have provided is also necessary. Defendant must explain which Government promises he relied upon, why his reliance was reasonable, how he changed his position in reliance on the Government's promise as well as the legal support for reliance acceptance of the Rule 11 plea agreement, and why his failing the polygraph or otherwise offering unhelpful or

untruthful information did not constitute a substantial breach of the agreement. Defendant's supplemental brief is also to include the March 15, 2012, email referenced in the parties' papers, the proposed Rule 11 plea agreement, and the *Kastigar* agreement executed by the parties. Due to the nature of the information contained in these documents, Defendant is permitted to file these exhibits under seal.

It is further **ORDERED** that the Government is **DIRECTED** to file a response to Defendant's supplemental brief on or before **July 10, 2012**, and Defendant is **DIRECTED** to file a reply, if any, on or before **July 17, 2012**.

It is further **ORDERED** that the hearing on Defendant's motion to enforce the plea agreement is **RESCHEDULED** for August 20, 2012 at 9:00 a.m.

It is further **ORDERED** that the Scheduling Order is **AMENDED** as follows:

| | |
|---|---|
| Witness lists, proposed voir dire, jury instructions and lists of exhibits due: | September 25, 2012 |
| Final Pretrial Conference/Entry of Plea: | September 18, 2012 at 2:30 p.m. |
| Trial: | October 2, 2012 at 8:30 a.m. |

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 8, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 8, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS